1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PAUL DAVID JOHNSON,

　　　　　Plaintiff,

　　v.

RON DAVIS, et al.,

　　　　　Defendants.

Case No. 21-CV-01693-LHK

**ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND IN PART;
DENYING EX PARTE MOTION FOR
TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

Re: Dkt. Nos. 5, 6

　　　　Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983.  *See* Dkt. No. 1 ("Complaint").  Plaintiff also sought a temporary restraining order ("TRO") and preliminary injunction.  Dkt. No. 5 ("TRO Motion").

　　　　For the reasons stated below, the Court dismisses the Complaint with leave to amend and denies the motion for a TRO and preliminary injunction.

**I.　BACKGROUND**

　　　　Plaintiff is incarcerated at San Quentin State Prison ("San Quentin").  Compl. at 1.  Plaintiff names the following defendants to this action (together, "Defendants"): Ron Davis, Supervisor of the Transportation Unit at San Quentin ("Supervisor Davis"), *id*. at 2; Ronald

1

Case No. 21-CV-01693-LHK
ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND IN PART; DENYING EX PARTE MOTION
FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

1    Broomfield, the Warden of San Quentin ("Warden Broomfield"), *id*. at 3; Matt Verdier, Chief

2    Executive Officer at San Quentin ("CEO Verdier"), *id*.; and T. Allen, Chief Deputy Warden of

3    San Quentin ("CDW Allen"), *id*.

4         Plaintiff alleges that on May 26, 2020, inmates from Chino State Prison ("Chino") were

5    transferred to San Quentin.  *Id*. at 2.  He alleges that at least some of these inmates were "Covid-

6    19 positive," *id*., and that their transfer exposed San Quentin inmates and staff to the Covid-19

7    virus, *id*. at 3.  Plaintiff alleges that San Quentin "top officials allowed" the transfer, *id*. at 2, and

8    that the transfer was a "neglect[ful], unprofessional[] and atrocious" act "by the Supervisor Ron

9    Davis," *id*. at 3.

10        Plaintiff alleges that, as a result of the transfer of inmates from Chino, he tested positive

11   for Covid-19 on June 29, 2020.  *Id*. at 4.  Plaintiff claims that, by "expos[ing]" him to "unpleasant

12   circumstances," the transfer violated his Eighth Amendment rights.  *Id*. at 3.

13        As relief, plaintiff asks for the Court to investigate why the transfer was permitted.  *Id*. at

14   3, 4.  He asks for the Court to "punish" the San Quentin staff members found "guilty" of the

15   transfer.  *Id*. at 4.  Plaintiff asks the Court to order "some type of mental help [due] to the post-

16   traumatic stress disorder" he has suffered from this experience.  *Id*.  Plaintiff also seeks

17   compensation.  *See id*.

18        Plaintiff filed the instant action on March 10, 2021.  *See id*.  On August 16, 2021, plaintiff

19   moved for a TRO and preliminary injunction ("TRO Motion").  *See* TRO Mot.  The TRO Motion

20   asks the Court to order San Quentin officials to place plaintiff in single-cell housing in light of the

21   ongoing risk of exposure to Covid-19, and to hire a specialist to "evaluate . . . plaintiff's PSAs and

22   other symptoms that ha[ve] been affecting his well-being and right knee."  *Id*. at 2.

23   **II.  DISCUSSION**

24        **A.  Legal Standard**

25        As to the Complaint, a federal court must conduct a preliminary screening in any case in

26   which a prisoner seeks redress from a governmental entity or officer or employee of a

27

28   Case No. 21-CV-01693-LHK
     ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND IN PART; DENYING EX PARTE MOTION
     FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

United States District Court
Northern District of California

2

governmental entity.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the laws or Constitution of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

As to the TRO Motion, TROs and preliminary injunctions require satisfaction of "[t]he same legal standard."  *Henry Schein, Inc. v. Cook*, 191 F. Supp. 3d 1072, 1076 (N.D. Cal. 2016) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).  Such remedies are extraordinary, and not granted as of right.  *See id.*  "The [United States] Supreme Court has repeatedly cautioned that, absent a threat of immediate and irreparable harm, the federal courts should not enjoin a state to conduct its business in a particular way."  *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1042 (9th Cir. 1999) (citing cases).  "The Ninth Circuit weighs these factors on a sliding scale, such that where there are only 'serious questions going to the merits'—that is, less than a 'likelihood of success on the merits'—a preliminary injunction may still issue so long as 'the balance of hardships tips *sharply* in the plaintiff's favor' and the other two factors are satisfied."  *Short v. Brown*, 893 F.3d 671, 675 (9th Cir. 2018) (emphasis in original) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)).  Even where the balance tips sharply in a plaintiff's favor, however, the plaintiff must still make the threshold showing of likely success on the merits or a serious legal question.  *See Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011) ("[E]ven

3

United States District Court
Northern District of California

1   certainty of irreparable harm has never *entitled* one to a stay.") (emphasis in original).  The party

2   seeking the injunction bears the burden of proving each element.  *Klein v. City of San Clemente*,

3   584 F.3d 1196, 1201 (9th Cir. 2009).  The issuance of a preliminary injunction is at the discretion

4   of the district court.  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

5        The Prisoner Litigation Reform Act of 1995 ("PLRA") restricts the power of a court to

6   grant prospective relief in any action involving prison conditions.  *See* 18 U.S.C. § 3626(a).

7   Section 3626(a)(2) permits a court to enter a temporary restraining order or preliminary injunction

8   "to the extent otherwise authorized by law" but requires that such an order "be narrowly drawn,

9   extend no further than necessary to correct the harm the court finds requires preliminary relief, and

10  be the least intrusive means necessary to correct that harm."  *See* 18 U.S.C. § 3626(a)(2).  The

11  court must give "substantial weight to any adverse impact on public safety or the operation of a

12  criminal justice system caused by the preliminary relief."  *Id.*

13       **B. The Complaint is dismissed with leave to amend in part.**

14       Plaintiff seeks to hold Defendants liable for deliberate indifference to plaintiff's serious

15  medical need.  *See generally*, Compl.  However, plaintiff fails to plead that Supervisor Davis had

16  the required mental state, and fails to connect Warden Broomfield, CDW Allen, or CEO Verdier

17  to any adverse action.  In addition, plaintiff requests relief which this Court cannot grant.

18       **1.  Supervisor Davis**

19       Plaintiff repeatedly alleges that Supervisor Davis's actions stem from "neglect" and

20  "negligence."  *Id*. at 3.

21       A claim of "negligence is insufficient to establish a constitutional deprivation under the

22  Eighth Amendment."  *Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004).  Neither

23  negligence nor gross negligence is actionable under Section 1983 in the prison context.  *See*

24  *Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994) (explaining that deliberate indifference

25  requires "a state of mind more blameworthy than negligence").  Rather, to state a claim for

26  deliberate indifference to serious medical needs, plaintiff must demonstrate "two elements:  the

United States District Court
Northern District of California

4

seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer*, 511 U.S. at 837-38 (reasoning that an official cannot be said to have inflicted a punishment if the official's actions were unaccompanied by knowledge).  "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Because plaintiff specifically describes Supervisor Davis's mental state as one of "negligence," and does not allege that Supervisor Davis knew that the prisoners arriving from Chino carried Covid-19, plaintiff has failed to allege that Supervisor Davis had the required mental state to support an Eighth Amendment claim.  *See generally*, Compl.  Moreover, although plaintiff alleges that Supervisor Davis "allowed" the transfer of prisoners from Chino, plaintiff does not allege that Supervisor Davis had the authority to decline this transfer, to order the transfer be carried out differently, or to manage San Quentin's actions post-transfer.  *See generally, id*.  Without such details, plaintiff has failed to state an Eighth Amendment claim against Supervisor Davis.

## 2. Warden Broomfield, CDW Allen, and CEO Verdier

Plaintiff's allegations against Warden Broomfield, CDW Allen, and CEO Verdier are even more deficient.  Plaintiff specifically identifies Supervisor Davis as the officer whose "act . . . le[]d to" Covid-19 entering San Quentin, *see id*. at 3, without describing any actions carried out by the other three Defendants, *see generally, id*.

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 only if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d

Case No. 21-CV-01693-LHK
ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND IN PART; DENYING EX PARTE MOTION
FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

United States District Court
Northern District of California

1062, 1085 (9th Cir. 2013) (explaining that a supervisor may only be held liable "if he was personally involved in the constitutional deprivation or a sufficient causal connection exists between his unlawful conduct and the constitutional violation"); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (affirming summary judgment where inmates did not establish "the requisite causal connection between each individual prison official's actions and the eighth amendment violation," because this is a "necessary element of their claim" for deliberate indifference).  "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative act[], or omits to perform an act which he is legally required to do[,] that *causes* the deprivation of which the plaintiff complains.'"  *See Leer*, 844 F.2d at 633 (emphasis in original, citation omitted); *see, e.g., Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability).

Here, plaintiff has failed to identify any act performed by Warden Broomfield, CDW Allen, or CEO Verdier, or any act which these Defendants fails to perform.  Plaintiff thus has not identified any basis on which these Defendants might be held liable for an Eighth Amendment violation.

### 3.  Plaintiff will be permitted to amend the Complaint as to his damages claim.

The Ninth Circuit instructs district courts to *sua sponte* grant leave to amend "unless [the district court] determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citing cases).

Here, plaintiff may be able to cure his allegations against Supervisor Davis if plaintiff is able to identify facts suggesting that Supervisor Davis had the mental state required to support an Eighth Amendment claim.  Likewise, plaintiff may be able to cure his allegations against Warden Broomfield, CDW Allen, and CEO Verdier.  To do so, plaintiff must identify some action, or failure to act, on the part of each defendant which contributed to plaintiff's exposure to Covid-19.

United States District Court
Northern District of California

Case No. 21-CV-01693-LHK
ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND IN PART; DENYING EX PARTE MOTION
FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

1    Because plaintiff may be able to cure his allegations against defendants, plaintiff will be

2    given leave to amend his Eighth Amendment claim for damages against Supervisor Davis,

3    Warden Broomfield, CDW Allen, and CEO Verdier.

4         **4.  Injunctive Relief Sought in the Complaint**

5         As noted above, plaintiff asks the Court to conduct an investigation on his behalf and

6    punish wrongdoers.  *See* Compl. at 3-4.  Plaintiff is advised that courts do not investigate claims

7    on behalf of litigants.  Rather, plaintiff must investigate his own claim.  Moreover, the Court has

8    no power to punish San Quentin officials.  Rather, the Court may hold those officials liable for

9    damages if plaintiff proves his case.

10        Plaintiff's request for "some type of mental help" is similarly beyond the Court's authority.

11   Instead, if plaintiff believes he needs mental health care, he should contact San Quentin's medical

12   staff for assistance.  If plaintiff's request for mental health care is denied, this could constitute a

13   separate Eighth Amendment claim, which would need to proceed in a different action.  *See*

14   *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982) (mental health care requirements analyzed

15   as part of general health care requirements).

16        Because plaintiff seeks injunctive relief which is beyond this Court's power, amendment

17   would be futile.  Plaintiff's request for injunctive relief is dismissed without leave to amend.

18        **C.  Plaintiff is not entitled to a TRO or a preliminary injunction.**

19        As noted above, the TRO Motion asks the Court to order San Quentin officials to place

20   plaintiff in single-cell housing in light of the ongoing risk of exposure to Covid-19, and to hire a

21   specialist to "evaluate . . . plaintiff's PSAs and other symptoms that ha[ve] been affecting his well-

22   being and right knee."  TRO Mot. at 2.

23        Plaintiff's TRO Motion is denied because plaintiff fails to meet the procedural

24   requirements to be granted a TRO *ex parte*.  In addition, plaintiff does not fulfill all of the

25   substantive requirements to be granted an injunction.  The Court will discuss each defect in turn.[1]

26

27   [1] Even if plaintiff had fulfilled the procedural and substantive requirements to obtain a TRO, the

28   Case No. 21-CV-01693-LHK
     ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND IN PART; DENYING EX PARTE MOTION
     FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

*United States District Court*
*Northern District of California*

**1. Procedural Requirements**

Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or TRO. Prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983) (explaining that an injunction may "affect only those persons over which [the court] has power"). However, under a specific procedure a court may grant injunctive relief *ex parte*:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if*:
> (**A**) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; *and*
> (**B**) the movant's attorney certifies in writing any efforts made to give notice *and* the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) ("Rule 65(b)(1)") (emphases added).

Plaintiff fails to fulfill the first requirement to obtain *ex parte* injunctive relief. The TRO Motion does not argue, much less provide specific facts to support the argument, that plaintiff will be irreparably harmed if Defendants are permitted to respond to the TRO Motion. Plaintiff does not explain why relief cannot wait until Defendants are allowed to be heard. Rule 65(b)(1) specifically requires that such an explanation appear "in an affidavit or verified complaint." Fed. R. Civ. P. 65(b)(1)(A). Because plaintiff does not explain in the Complaint or in any affidavit why Defendants should not be given time to respond to the TRO Motion, plaintiff does not fulfill the requirements of Rule 65(b)(1).

Moreover, plaintiff does not put forth "specific facts" that "clearly show" immediate injury

---

Court would have to deny plaintiff's request for "evaluat[ion]" of his "PSAs and . . . right knee." TRO Mot. at 2. It is well-settled that a plaintiff is not entitled to an injunction based on claims not pled in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself."). Here, the Complaint does not mention plaintiff's "PSAs" or right knee pain. *See generally*, Compl. To the extent plaintiff seeks and is denied medical care for these independent conditions, such a claim must be pursued in a separate suit.

Case No. 21-CV-01693-LHK
ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND IN PART; DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

1   will result in the absence of injunctive relief. *Id*. This showing is the "'single most important

2   prerequisite for the issuance of a [TRO].'" *Universal Semiconductor, Inc. v. Tuoi Vo*, No. 5:16-

3   CV-04778-EJD, 2016 WL 9211685, at *2 (N.D. Cal. Nov. 29, 2016). Plaintiff must "demonstrate

4   that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis

5   original). A TRO ordered on anything less is "inconsistent" with the principle that "injunctive

6   relief [is] an extraordinary remedy." *Id.* Plaintiff must do more than plausibly *allege* imminent

7   harm; he "must *demonstrate* immediate threatened injury as a prerequisite to preliminary

8   injunctive relief." *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir.

9   1988) (emphasis in original).

10          Here, plaintiff does not explain why he is likely to be injured in the future, in the absence

11  of a single-cell order from this Court. Indeed, plaintiff appears already to have suffered the injury

12  that he fears. The Complaint reveals that plaintiff contracted Covid-19 more than one year ago.

13  Compl. at 4. In his request for injunctive relief, plaintiff does not explain why it is *likely*, as

14  opposed to possible, that he will contract Covid-19 for a second time, and why it is *likely*, as

15  opposed to possible, that a second infection would injure him in a manner that exceeds the injury

16  that he has already suffered. *See generally*, TRO Motion. Courts have declined to grant

17  injunctive relief where a plaintiff has already contracted Covid-19, and fails to establish that he is

18  likely to contract it a second time or that the hypothetical second infection will cause additional

19  injury. *See, e.g., Alcantara v. Archambeault*, 462 F. Supp. 3d 1073, 1079 (S.D. Cal. 2020) (where

20  plaintiffs sought release, concluding that inmates who "have already contracted the coronavirus

21  and recovered" had not shown a likelihood of immediate and irreparable injury)*; Cox v. Daram*,

22  No. 2:20-CV-1295-KJM-DBP, 2021 WL 3662392, at *8 (E.D. Cal. Aug. 18, 2021) (citing CDC

23  guidance stating that cases of reinfection are rare); *cf. Gavilanes-Curiel v. Archambeault*, No. 21-

24  CV-1471-CAB-WVG, 2021 WL 4895222, at *1 (S.D. Cal. Sept. 21, 2021) ("Courts are

25  consistently refusing to grant release from custody to inmates or detainees who have been

26  vaccinated.") (citing cases). While the Court is not unsympathetic to plaintiff's concerns,

27

28

United States District Court
Northern District of California

9

Case No. 21-CV-01693-LHK
ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND IN PART; DENYING EX PARTE MOTION
FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

injunctive relief aims to prevent future harm, not to remedy the harm that has already been suffered.

Plaintiff also does not fulfill the requirement to explain what efforts he has taken to provide notice. Rule 65(b)(1)(B). Explaining the efforts plaintiff has taken to provide notice is a required element, and the Court may grant *ex parte* relief "only if" this element is satisfied. *Id.*

Because plaintiff does not fulfill the procedural requirements of Rule 65(b)(1), the Court **DENIES** the TRO Motion.

### 2. Substantive Requirements

To obtain injunctive relief, plaintiff must either show that he is likely to succeed on the merits or raise a serious legal question; that he is likely to suffer irreparable harm absent preliminary relief; that the balance of equities tips in his favor; and that an injunction is in the public interest. *See Winter*, 555 U.S. at 20 (stating requirements).

As noted above, the party seeking the injunction bears the burden of proving each element. *See Klein*, 584 F.3d at 1201 (explaining this burden). For the reasons discussed above, plaintiff fails to identify any defendant against whom his claim may proceed, and thus has not shown that he is likely to succeed on the merits. Because plaintiff has not shown he is likely to succeed on the merits, he has failed to prove each element required to obtain injunctive relief.

Because plaintiff fails to satisfy the procedural and substantive requirements for injunctive relief, the TRO Motion is **DENIED**.

### III. CONCLUSION

1. Plaintiff's Complaint is DISMISSED with leave to amend in part. Plaintiff may amend only his Eighth Amendment claim for damages against Supervisor Davis, Warden Broomfield, CDW Allen, and CEO Verdier. Plaintiff may not amend his request for injunctive relief.

2. If plaintiff believes he can state a cognizable claim for damages, he shall file an AMENDED COMPLAINT within **thirty-five days** from the date this order is filed. The amended

10

United States District Court
Northern District of California

1   complaint must include the caption and civil case number used in this order (CV 21-1693-LHK

2   (PR)) and the words AMENDED COMPLAINT on the first page.  If plaintiff files an amended

3   complaint, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate

4   that he is entitled to relief under the applicable federal statutes.  **Failure to file an amended**

5   **complaint within thirty-five days and in accordance with this order will result in a finding**

6   **that further leave to amend would be futile, and this action will be dismissed.**

7          3.      Plaintiff is advised that an amended complaint supersedes the original complaint.

8   "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in

9   the amended complaint."  *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

10  Defendants not named in an amended complaint are no longer defendants.  *See Ferdik v. Bonzelet*,

11  963 F.2d 1258, 1262 (9th Cir. 1992) (where plaintiff had filed amended complaint, declining to

12  look to the first complaint to establish the identities of unnamed defendants).

13         4.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

14  informed of any change of address by filing a separate paper with the Clerk headed "Notice of

15  Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do

16  so **will** result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

17  Civil Procedure 41(b).

18         5.      Plaintiff's TRO Motion is DENIED.  Dkt. No. 5.

19         6.      Plaintiff requested a copy of the docket.  Dkt. No. 6.  The record reveals that the

20  Clerk sent plaintiff a copy of the docket on October 19, 2021.  *See* Dkt. No. 7 (noting Clerk's

21  action).  Because plaintiff's request has already been granted, the Clerk shall terminate the motion

22  filed at Docket No. 6.

23         This order resolves Docket Nos. 5 and 6.

24         **IT IS SO ORDERED.**

25  DATED:  November 19, 2021

26                                              LUCY H. KOH
                                                UNITED STATES DISTRICT JUDGE
27

28
Case No. 21-CV-01693-LHK
ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND IN PART; DENYING EX PARTE MOTION
FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

United States District Court
Northern District of California