1
2
3
4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7   PAUL DAVID JOHNSON,                    Case No.  21-cv-01693-JSW

8                     Plaintiff,

9         v.                              **ORDER OF SERVICE;**

10  RON DAVIS, et al.,                    **DENYING LEAVE TO PROCEED IN
                                          FORMA PAUPERIS;**
11                    Defendants.
                                          **DENYING MOTION TO SUPPLEMENT**
12

13

14

15                              **INTRODUCTION**

16       Plaintiff, a California prisoner proceeding pro se, filed this civil rights case under 42

17  U.S.C. § 1983 against prison officials for violating his constitutional rights at San Quentin State

18  Prison.  Plaintiff has paid the filing fee.  For the reasons discussed below, Plaintiff's Second

19  Amendment Complaint (SAC), Dkt. No. 20, is ordered served on Defendants.

20                                **ANALYSIS**

21  **A.    STANDARD OF REVIEW**

22       Federal courts must engage in a preliminary screening of cases in which prisoners seek

23  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

24  1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

25  which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

26  monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se

27  pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

28  Cir. 1990).

         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff alleges that Defendants were involved in the decision to transfer over 100 prisoners, some of whom were infected with COVID-19, from the California Institute for Men (CIM) to San Quentin State Prison (SQSP) around May 26, 2020, "without protective ge[a]r and without proper exams."  Dkt. No. 20 at 3.  He alleges that the transfer caused a COVID-19 outbreak at SQSP, during which he tested positive for the virus on June 29, 2020.

Plaintiff names the following Defendants:

1.   Ronald Broomfield, Warden

2.   Troy Allen, CDW(A) and TLR

3.   Matt Verdier, CEO of SQSP

4.   Ron Davis, Transportation Supervisor

5.   J. Clark Kelso, Receiver

When liberally construed, Plaintiff's allegations state a cognizable claim for deliberate indifference to his safety, in violation of the Eighth Amendment, against all Defendants.

Plaintiff also states a cognizable state-law claim for intentional infliction of emotional

United States District Court
Northern District of California

distress against all Defendants.  Under California law, "there is no independent tort of negligent infliction of emotional distress."  *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 (1993).  A negligent infliction of emotional distress claim is only available where the "defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object," and "recovery is available only if the emotional distress arises the defendant's breach of some other legal duty and the emotional distress is proximately caused by that breach of duty."  *Id.* at 985. Here, Defendants have a duty to plaintiff as a prisoner under state tort law.  California "[c]ase law holds that 'there is a special relationship between jailer and prisoner, imposing on the former a duty of care to the latter'."  *Lawson v. Superior Ct.*, 180 Cal. App. 4th 1372, 1389–90 (2010) (quoting *Giraldo v. Department of Corrections & Rehabilitation*, 168 Cal. App. 4th 231, 250 (2008)).  Plaintiff alleges that the emotional distress arose out of Defendants' breach of their duty to him by exposing him to COVID-19.

## CONCLUSION

For the reasons set out above,

1.      The Court ORDERS that service on the following Defendants shall proceed under the California Department of Corrections and Rehabilitation ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

      a.  Ronald Broomfield

      b.  Troy Allen

      c.  Matt Verdier

      d.  Ron Davis

In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 20), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons.  The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by

1    the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or

2    could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service

3    Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court

4    a waiver of service of process for the defendant(s) who are waiving service.

5              Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each

6    defendant who has not waived service according to the CDCR Report of E-Service Waiver a

7    USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies

8    of this order, the summons and the operative complaint for service upon each defendant who has

9    not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-

10   Service Waiver.

11             2.        The Court ORDERS that service on defendant Clark Kelso shall proceed

12   separately.  The Clerk is directed to electronically serve Clark Kelso and his attorney via the email

13   address HCLitigationSupport@cdcr.ca.gov the following documents: the operative complaint

14   (Dkt. No. 20), this Order of Service, and a Waiver of the Service of Summons form.

15             No later than 40 days after service of this order via email on defendant Kelso and his

16   attorney, defendant Kelso shall file the Waiver of the Service of Summons or a Notice indicating

17   that he does not waive service.  If defendant Kelso files such a notice, the Clerk shall prepare a

18   USM-205 Form and shall provide to the USMS the completed USM-205 form and copies of this

19   order, the summons, and the operative complaint for service upon defendant Kelso.

20             3.        All Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

21   requires them to cooperate in saving unnecessary costs of service of the summons and complaint.

22   Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on

23   behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the

24   cost of such service unless good cause can be shown for their failure to sign and return the waiver

25   form.

26             4.        This Court will issue a scheduling order for summary judgment or other dispositive

27   motion briefing after resolution of the common issues in the 22-mc-80066-WHO matter.  *See* Dkt.

28   No. 21.

United States District Court
Northern District of California

United States District Court
Northern District of California

5.      All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants, but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

6.      Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7.      Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.  Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

8.      Plaintiff's request to proceed in forma pauperis (*see* Dkt. Nos. 3-4) is DENIED in light of his average trust account balance for the most recent 6-month period of over $10,000 in accordance with 28 United States Code § 1915. Plaintiff has already paid the filing fee and service has been ordered through the e-service program. However, if any Defendants do not waive service and are required to be served by the USMS, the USMS may seek reimbursement from plaintiff for any costs associated with the service of those defendants.

9.      Plaintiff's Motion to Add Supplement Exhibits (Dkt. No. 23) is DENIED.  Plaintiff asks "to add supplement exhibits to address the deliberate indifference that San Quentin State Prison officials allowed to take place on or about May 26, 2020 thr[ough] December 23, 2021." Dkt. No. 23 at 1.  He describes an order by a federal judge in the District of Oregon denying prison officials qualified immunity for their COVID-19 response.  He also cites a Fourth Circuit case involving double-celling and overcrowding.  *Id.* at 2-3.  And he attaches documentation of modified programming at SQSP beginning December 23 and 27, 2021; a May 27, 2022 memo

regarding a COVID-19 outbreak from Alison Pachynski to all SQSP residents; several letters from attorneys declining to represent Plaintiff; and the Order of Limited Assignment at Docket No. 21 from the 3:22-mc-80066-WHO matter. *Id.* at 4. No briefing has yet been ordered in Plaintiff's case on this docket or on the docket for the 3:22-mc-80066-WHO matter. Plaintiff will have an opportunity in the future to submit briefing and exhibits regarding qualified immunity, should Defendants raise it. Plaintiff's supplemental materials are more relevant to such a later stage of his case, and he may refile them later when appropriate.

This Order terminates Dkt. No. 23.

**IT IS SO ORDERED.**

Dated: August 4, 2022

_____
JEFFREY S. WHITE
United States District Judge