UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>RON DAVIS, et al.,<br><br>    Defendants. | Case No. 21-cv-01693-JSW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS PREMATURE;**<br><br>**DENYING APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 26 |

    Plaintiff's pro se civil rights case alleges that Defendants were involved in the decision to transfer over 100 prisoners, some of whom were infected with COVID-19, from the California Institute for Men (CIM) to San Quentin State Prison (SQSP) around May 26, 2020, resulting in a COVID-19 outbreak at SQSP. The Court found Plaintiff's claims cognizable and ordered service on August 4, 2022. Dkt. No. 24. The Court's service order indicated that the Court "will issue a scheduling order for summary judgment or other dispositive motion briefing after resolution of the common issues in the 22-mc-80066-WHO matter." *Id.* No briefing has been ordered yet for this case in the 22-mc-80066-WHO matter. Judge Orrick has issued several orders to show cause in that matter, *see* Dkt. Nos. 62, 63, but they have not included Plaintiff's case. Plaintiff nonetheless filed a motion for summary judgment as to Defendant Kelso's liability on August 12, 2022. Dkt. No. 26. Plaintiff's motion is DENIED as premature. Plaintiff may re-file his motion if and when Judge Orrick issues a briefing schedule impacting this case in the 22-mc-80066-WHO matter. Defendant's Kelso's motion for clarification is DENIED as moot; briefing is not due in this case at this time. Dkt. No. 28.

    Plaintiff's request for counsel is also DENIED. There is no constitutional right to counsel

in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.*

The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment. The proceedings are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits. Moreover, Plaintiff has been able to articulate his claims adequately *pro se* in light of the complexity of the issues involved. *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Accordingly, the request for appointment of counsel is DENIED without prejudice. This does not mean, however, that the Court will not consider appointment of counsel at a later juncture in the proceedings.

This Order terminates Docket Nos. 26 and 28.

**IT IS SO ORDERED.**

Dated: September 8, 2022

_____
JEFFREY S. WHITE
United States District Judge

2