UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re CIM-SQ Transfer Cases, <br><br>_____ <br><br> **Re Case Nos**.: *Cole v. Allison et al*., 3:21-cv-06503-WHO; *Lee v. Allison et al*., 4:21-cv-01633-HSG; and *Johnson v. Davis et al*., 4:21-cv-01693-JSW | Case No.  22-mc-80066-WHO <br><br> **ORDER GRANTING MOTION FOR CERTIFICATION OF A FINAL JUDGMENT** <br><br> Re: Dkt. No. 132 |

Defendant J. Clark Kelso[1] moves under Rule 54(b) of the Federal Rules of Civil Procedure for an order certifying as a final judgment this Court's November 17, 2022 Second Order Adopting July 15, 2022 and July 21, 2022 Orders For *Pro Se* Cases finding that "J. Clark Kelso is immune from the claims in these cases and shall be DISMISSED from Case Nos. 21-cv-01633-HSG *Lee v. Allison et al*.; 21-cv-01693-JSW, *Johnson v. Davis, et al*.; and 21-cv-06503-WHO *Cole v. Allison et al*." (the "Motion").

As of the date of this Order, no defendant and only one plaintiff has objected to Kelso's motion.  *See* Opposition by Paul David Johnson, Dkt. No. ECF 138.  That opposition, however, does not address the merits of whether judgment should be entered in favor of Kelso at this juncture.  Instead, Johnson appears to be requesting that the Court require the Receiver and other defendants to respond to Johnson's previously-filed pleadings, including his complaint and motions for summary judgment.  *Id*.; *see also* Dkt. No. ECF 144 (Rule 60(b) Motion filed on 3/6/23).

---

[1] Kelso is the Receiver of the California prison medical healthcare system appointed by the Court in *Plata v. Newsom*, Case No. 4:01-cv-01351 JST (N.D. Cal.) (referred to hereafter as "Receiver" or "Kelso").

1    Johnson's arguments with respect to Kelso have been considered and denied.  *See* Dkt. No.
2  ECF 114 at 2-3.  Johnson's motions seeking a response from other defendants are stayed while the
3  issues are on appeal at the Ninth Circuit.  *See Johnson v. Davis et al.*, 4:21-cv-01693-JSW at Dkt.
4  No. ECF 40, 42.[2]

5    Turning to the merits of Kelso's motion, it is GRANTED in the interest of justice.  All
6  three requirements for the certification of a partial judgment under Rule 54(b) are satisfied: (1) the
7  case consists of multiple claims and parties; (2) the Court has rendered a final decision on at least
8  one of those claims – the defense of quasi-judicial immunity that is unique to the federal Receiver
9  and distinct from the immunity defenses asserted by the other defendants; and (3) there is no "just
10 reason" to delay the appeal of the claim(s) already decided as to Receiver, especially considering
11 the Receivership's interest in resolving all outstanding claims against Receiver at the earliest
12 possible opportunity so that the prison medical system can be returned to the State as quickly as
13 feasible and without lingering claims and potential liabilities.  *Sears, Roebuck & Co. v. Mackey*,
14 351 U.S. 427, 434 (1956); *Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005).

15   Accordingly, the Court certifies as a final judgment as to Receiver its November 17, 2022
16 Second Order Adopting July 15, 2022 and July 21, 2022 Orders For Pro Se Cases covering the
17 case identified in the caption.  Dkt. No. ECF 114.

18   Entry of judgment shall be immediately entered as to Receiver J. Clark Kelso, individually
19 and/or in his official capacity (where appropriate) as Receiver for the California prison medical
20 health care system in *Cole v. Allison et al.*, 3:21-cv-06503-WHO; *Lee v. Allison et al.*, 4:21-cv-
21 01633-HSG; and *Johnson v. Davis et al.*, 4:21-cv-01693-JSW.

22   **IT IS SO ORDERED.**

23 Dated: March 10, 2023

                                                                      William H. Orrick
                                                                      United States District Judge

---

[2] Johnson's most recent filing, a Rule 60(b) motion, is DENIED without prejudice, given the stay in his case.  *See* 22-mc-80066 at Dkt. No. ECF 144; Case No. 21-cv-01693-JSW at Dkt. No. ECF 46.