UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>RON DAVIS, et al.,<br><br>    Defendants. | Case No. 21-cv-01693-JSW<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>Re: Dkt. No. 48 |

Plaintiff's pro se civil rights case alleges that Defendants were involved in the decision to transfer over 100 prisoners, some of whom were infected with COVID-19, from the California Institute for Men (CIM) to San Quentin State Prison (SQSP) around May 26, 2020, resulting in a COVID-19 outbreak at SQSP. The Court found Plaintiff's claims cognizable and ordered service on August 4, 2022. Dkt. No. 24. The Court's service order indicated that the Court "will issue a scheduling order for summary judgment or other dispositive motion briefing after resolution of the common issues in the 22-mc-80066-WHO matter." *Id.*

On November 16, 2022, Judge Orrick found in the 22-mc-80066-WHO matter that Defendants were not entitled to qualified or other immunity. Dkt. No. 40. Defendants appealed the order. Case No. 22-mc-80066-WHO, Dkt. No. 117. Judge Orrick then stayed Plaintiff's case pending appeal. Dkt. No. 42.

Plaintiff filed a motion for appointment of counsel on June 23, 2023, stating that he is in "imminent danger" and requesting compassionate release pursuant to California Penal Code section 1170. He asks the Court to schedule a jury trial so that he can prosecute the case before his demise within six months, as estimated by doctors. Dkt. No. 48 at 1. This federal Court lacks authority or jurisdiction to order compassionate release pursuant to the California Penal Code.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* Defendants' appeal is still pending in Plaintiff's case, and the case is still stayed. Appointment of counsel is therefore not appropriate at this time. Plaintiff's motion for appointment of counsel is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: July 6, 2023

JEFFREY S. WHITE
United States District Judge